UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

        Plaintiff,

v.                                     Case No. 13-10279
                                        Hon. Victoria A. Roberts

JOSHUA B. BUSKIRK, et al.,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
AND FOR SUMMARY JUDGMENT [DKT #90]**

**I.      INTRODUCTION**

Temujin Kensu ("Kensu") is a prisoner in the custody of the Michigan Department

of Corrections.  There is only one count in Kensu's First Amended Complaint and

Defendants seek to dismiss it: deliberate indifference to serious medical needs in

violation of 42 U.S.C. §1983.  Kensu says that for more than twenty years, he has

experienced a lack of appropriate care for joint and spinal injuries. In his response to

Defendants' motion, Kensu says he was denied shoulder surgery in 2009.

Kensu filed another suit that the Court recently dismissed.  *Kensu v. Rapelje, et

al*, No. 12-11877.  That suit and this one involve some of the same defendants.

Defendants' Dr. Jeffrey C. Stieve, Susan McCauley, Mary Zamora, Charles

Turner, Dr. William Borgerding, Warden Lloyd Rapelje, Russell Vittitow, and Jeannie

Stephenson Motion for Judgment on the Pleadings and for Summary Judgment is

**DENIED**.

## II.   BACKGROUND

Kensu says he was denied medical care for spinal and joint injuries and other medical conditions while confined at Saginaw Correctional Facility and the Thumb Correctional Facility.  Kensu says Defendants' inaction caused additional harm leading to permanent damage.  Kensu says many Defendants were aware that he needed shoulder surgery but it was cancelled without explanation. Kensu says that because of his shoulder injury, his hand and arm were extremely painful to move. In his First Amended Complaint, Kensu also says he suffered a knee injury that he describes as a possible ligament tear.

The First Amended Complaint lumps general allegations of denial of care against many Defendants.  Often, Kensu fails to allege dates; he also often fails to describe the particular allegedly illegal actions of particular defendants.

## III.   DISCUSSION

Defendants attached deposition testimony to their motion, but did not reference any particular page or paragraph for the Court to consider.  Nor do they provide affidavits or medical records in support of their motion. Instead, they direct the Court to the Motion for Summary Judgment filed by Defendants Bomber, Kilaru, Tyree, and Buskirk.  *Dkt. No.* 80.  Defendants do not describe how the other motion or its attachments relates to them.  In its discretion, the Court declines to consider these materials; it considers only the First Amended Complaint and reviews the Motion only under Fed. R. Civ. P. 12 (c).

### A.    Judgment on the Pleadings

The Court applies essentially the same standard of review for judgment on the pleadings as for a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir.2011) (citation omitted).

To survive a Rule 12(c) motion, a plaintiff must provide grounds of entitlement to relief that are more than "labels and conclusions" and "factual allegations must be enough to raise a right of relief above the speculative level. . ." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.    Count 1: 42 U.S.C. §1983

To prevail on his 42 U.S.C. §1983 claim, Kensu must demonstrate there is a genuine issue of material fact on two elements: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by someone acting under color of state law. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005).

There is no dispute that Defendants acted under color of state law during the relevant time period. The question is whether they deprived Kensu of a right secured by federal law. Kensu asserts an Eighth Amendment violation; he says Defendants were

3

deliberately indifferent to his medical needs and did not appropriately treat his joint and spinal injuries.  A review of the First Amended Complaint reveals genuine issues of material fact do exist concerning the alleged deprivation of this constitutional right.

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).  Prison officials must provide humane conditions of confinement; officials must ensure that inmates receive "adequate food, clothing, shelter, and medical care" and take reasonable measures to guarantee the safety of inmates.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

### 1.    Objective Prong

An  Eighth Amendment deliberate indifference claim has both objective and subjective components.  *Farmer v. Brennan*, 511 U.S. at 834. The objective component requires the existence of a sufficiently serious medical need, such as being incarcerated under conditions that pose a substantial risk of serious harm.  *Id.*  "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citation omitted).

Kensu says he was cleared for shoulder surgery and Defendants cancelled it.  As a result, Kensu says he experienced great pain and that his condition worsened over time.

Defendants argue generally in their Motion that Kensu received care and that a dispute regarding adequacy of treatment is not cognizable under the Eighth Amendment.

Not every medical request made by a prisoner must be heeded. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976).  However, a prisoner states a proper cause of action when he alleges that reasonable requests for medical treatment for an obvious need were denied and he was exposed to undue suffering or the threat of tangible residual injury.  *Id.*  The Sixth Circuit distinguishes between cases where a complaint alleges a complete denial of care and those cases where a prisoner received inadequate treatment.  *Id.* at 850, n. 5. ". . .[F]ederal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Id.*

Taking Kensu's allegations as true, he has created an issue of fact as to whether the denial of surgery meets the objective prong of his constitutional claim.  Defendants may be correct that Kensu received care and that Kensu merely disputes the decisions made by Defendants; however, Defendants cannot succeed on a Motion for Judgment on the Pleadings by making unsupported arguments that factually contradict the Plaintiff.  Under 12(c), the moving party concedes the accuracy of the factual allegations of the nonmoving party.  *Sun Valley, Ltd. v. Galyan's Trading Co., LLC*, No. 13-13641, 2014 WL 1030956, at *3 (E.D. Mich. Mar. 17, 2014).

Kensu alleges these Defendants denied him care by cancelling a surgery that was medically necessary.  The First Amended Complaint alleges other instances where

5

Kensu says he was denied medical attention.  A motion for judgment on the pleadings can only be granted when no issue of material fact exists.  *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012).

Kensu establishes an issue of fact regarding the objective prong of his constitutional claim.

### 2.    Subjective Prong

Defendants also fail to show they are entitled to judgment as a matter of law on the subjective component of Kensu's claim.

The subjective component requires a showing that the defendant had "a sufficiently culpable state of mind. . ." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).  Deliberate indifference requires more than "mere negligence" but can be satisfied "...by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. at 835.  A prison official cannot be liable for denying an inmate humane conditions of confinement "...unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

While Kensu does group Defendants together and makes generalized allegations regarding denial of care, he provides enough dates and detail, that, if true, create factual disputes between the parties on the subjective prong of the Eighth Amendment claim. Additionally, in his response, Kensu referenced specific paragraphs in the First

6

Amended Complaint and Defendants fail to address them in their reply.

Defendants are not entitled to Judgment on the Pleadings on Count I.

### 3. Defendant Panjak Malik

On June 12, 2015, the Court ordered Kensu to show cause why Defendant

Panjak Malik ("Malik") should not be dismissed for failure to prosecute under E.D. Mich.

LR 41.2. Specifically, the Court required information regarding service.  On June 26,

2015, Kensu submitted a satisfactory response, demonstrating that Malik was served

with a copy of the complaint.  *Dkt. No.* 109.  Malik was served on June 22, 2015.  Her

answer was due July 13, 2015 but none has been filed.

Defendant Malik was not named in the motion before the Court.  No clerk's entry

of default has been requested.  If Kensu fails to request default by September 18, 2015,

Defendant Malik will be dismissed for failure to prosecute.

## IV.    CONCLUSION

Defendants' Motion is **DENIED**. This case will proceed to trial on Count I against

Defendants Dr. Jeffrey C. Stieve, Susan McCauley, Mary Zamora, Charles Turner, Dr.

William Borgerding, Warden Lloyd Rapelje, Russell Vittitow, and Jeannie Stephenson.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 11, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 11, 2015.


s/Linda Vertriest

Deputy Clerk